UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYISHA CHANCEY,

    Plaintiff,

-against-

CAPITAL ONE, N.A.,

    Defendant,

Case No. 1:19-cv-06492

**STIPULATION AND ORDER GOVERNING
THE TREATMENT OF CONFIDENTIAL MATERIAL**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties to this lawsuit (the "Parties"), through their respective counsel, that this Stipulation and Order governs the use and handling of documents, exhibits, deposition testimony, video and audio tapes and other information and documentation, including all copies, excerpts and summaries thereof (collectively, "Material"), produced by any Party or non-party to a Party in connection with the above-captioned lawsuit (the "Action"). Any Party may designate as "Confidential" any Material produced in response to document requests, interrogatories, or subpoenas served in this proceeding, or other discovery obligations herein, when such Party in good faith believes that the Material contains sensitive personal, financial, medical, commercial, business, security or safety information, or contains information that is non-public, proprietary, or constitutes a trade secret relating to such Party, to Defendant Capital One, N.A. ("Capital One"), and/or to any of Capital One's current or former employees or current or former customers, the public disclosure of which may have an adverse effect on the personal, financial, privacy, non-public, and proprietary information, commercial, or business reputation or interests of such Party and/or Capital One's employees or customers ("Confidential Material").

1. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of the Action (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph 1, as set forth in subparagraph (b) below.

(b) Confidential Material shall be disclosed, for the purposes set forth above, only to:

(i) the Parties and current officers and employees of the Parties in this action who have a need to know the information;

(ii) the Parties' counsel of record and other counsel for the Parties in this litigation and such employees, experts, contractors, agents, and consultants working with counsel, if any, in connection with this litigation;

(iii) the litigation forums in which the Action may proceed (including the Court, court reporters, stenographic reporters); and

(iv) non-party witnesses in preparation for, or in, pre-trial or trial proceedings relating to the Action.

(c) Any Party wishing to use or disclose any Confidential Material produced by the other Party in any Court proceeding shall give at least five (5) business days' notice of the disclosure to allow the producing Party the opportunity to opportunity to meet and confer to discuss seeking protection from the Court or, if the Parties do not agree, to seek such protection from the Court.

(d) Notwithstanding any of the foregoing provisions, any Party may disclose Confidential Material produced by it to any other individual or entity, without waiving such confidential designation, so long as such disclosure is not inconsistent with the designation of such Material as "Confidential" within the meaning of this Stipulation and Order.

2. Each person given access to Confidential Material pursuant to the terms hereof (a "Non-party") shall be advised that (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the violation of the terms of this Order (by use of the Confidential Material in any impermissible manner) may constitute a violation of a Court order. Before a Non-party (other than those identified in Section 1) is given access to Confidential Material, he/she must read and agree in writing to be bound by the provisions of this Order by executing the acknowledgment attached as Exhibit A. Each Party and its respective counsel agree to immediately notify counsel for all other Parties if it obtains knowledge or information that a Non-party is about to disclose, or has disclosed, Confidential Material to persons who have not agreed to be bound by the provisions of this Order.

3. Documents not marked "Confidential" that a Party produced prior to the execution of this Stipulation, will be treated as Confidential Material so long as the producing Party identifies by Bates stamp number to the other Party those documents that are to be treated as Confidential within thirty (30) days of the signing of this Stipulation and Order by counsel to the respective Party.

4. Any document produced by any Party in furtherance of settlement discussions shall be deemed Confidential Material regardless of whether it is marked "Confidential," and without waiver of any rights or obligations described in this Stipulation and Order.

5. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or within two weeks after such deposition has been transcribed. All deposition transcripts shall be "Confidential" for two weeks following the receipt of the transcript to afford the Parties the opportunity to designate the transcript or portions thereof "Confidential." When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter place the appropriate legend on the cover of the Confidential portions of the transcript if requested to do so by the Party making such statement. The signatories to this Stipulation and Order may modify this procedure for any particular deposition through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further Order of the Court.

6. (a) The signatories hereto may at any time, on reasonable notice not less than five business days, move for (i) modification of this Stipulation and Order or (ii) relief from the provisions of this Stipulation and Order with respect to specific Material (subject to the terms of paragraph 6(b), below).

(b) The Party which has not produced the Confidential Material shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If the Party which has not produced the Confidential Material challenges such designation, it shall send or give notice to counsel for the other Party, and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice not less than five (5) business days, apply for appropriate ruling(s) from the Court. In the event of such application, the burden will be on the proponent of confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure, the Local Rules of Court, and applicable case law. In the event of any such dispute, the Material at issue shall be treated as Confidential Material until such time as the Court resolves the dispute.

7. In addition to designating documents as "Confidential," a producing or receiving Party may request that the opposing Party redact specific designated portions of such documents (whether the Party's own documents or documents produced by another Party or Non-party for use in this litigation). To the extent that a Party objects to any such redaction, the Parties shall address that dispute subject to the provisions of this Stipulation and Order and the Court's Individual Rules, with the Court ultimately to decide (based on an in camera review of a non-redacted version of each document at issue) any dispute over the need for redactions that the Parties cannot resolve on their own.

8. If a party wishes to file a document with the Court containing information that has been designated as Confidential Material, the Parties shall confer in good faith in order to

determine whether the document may be filed in a manner that protects the Confidential Material, such as by redaction (pursuant to paragraph 7). If the Parties cannot agree, in accordance with section D.3 of the Court's Individual Rules, the filing Party shall request the Court's permission to file the document containing Confidential Material under seal. The Parties will use their best efforts to minimize such sealing.

        9. Any reproductions, summaries, or abstracts of Confidential Material shall be treated in the same manner as the originals.

        10. (a) This Stipulation and Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation. At the conclusion of this litigation, each Party shall return promptly to its own counsel all Confidential Material. Similarly, a Non-party who has agreed in writing to be bound by this Stipulation and Order shall promptly return to the counsel who provided such Confidential Material for the Non-party's review all such Confidential Material in the Non-party's possession.

        (b) Within sixty (60) days after final termination of this Action, including all appeals, each Party shall either (a) return all Confidential Material to the producing Party (including any copies, extracts or summaries thereof or documents containing information taken therefrom, but excluding any materials which in the judgment of counsel reflect the work product of the recipient); or (b) destroy all such material and, upon request of the producing Party, deliver to the producing Party a letter certifying that such destruction of Confidential Material has occurred. Counsel for the Parties (if any) may retain any Confidential Material in their office files, but shall otherwise be bound by the terms of this Stipulation and Order.

(c) Notwithstanding the return and/or destruction of any Confidential Material, the Parties shall be bound by the terms of this Stipulation and Order.

11. It is expressly recognized that inadvertent production by any Party of privileged or arguably privileged matters shall not be deemed to be either: (a) a general waiver of the attorney-client privilege, the work product doctrine, the physician-patient privilege, or any other recognized privilege; or (b) a specific waiver of any such privilege with respect to documents being produced or the testimony given. Notice of any claim of privilege as to any document claimed to have been produced inadvertently shall be given within a reasonable period of time after discovery of the inadvertent production, and, on request by the producing Party, all inadvertently produced Material as to which a claim of privilege or work product protection is asserted and any copies thereof shall be treated in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

12. This Court shall retain jurisdiction of all matters pertaining to this Order, and the Parties agree to submit to the jurisdiction of this Court for matters relating to the enforcement of this Order.

13. The Parties agree to be bound by the terms of this Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all the parties.

14. This Order may be executed in one or more counterparts, each of which will be deemed an original, but which collectively will constitute one and the same instrument. Signed facsimile or e-mail copies will be acceptable as an original.

| | |
|---|---|
| Dated: New York, New York<br>April 13, 2020 | Dated: New York, New York<br>March 27, 2020 |
| LAW OFFICE OF STANLEY CHINITZ | OGLETREE, DEAKINS, NASH,<br>  SMOAK & STEWART |
| By: /s/Stanley Chinitz[1]<br>   Stanley Chinitz, Esq.<br>   260 Madison Avenue, Floor 17<br>   New York, New York 10016<br>   212-935-4611 | By /s/Simone R.D. Francis<br>   Simone R.D. Francis, Esq.<br>   1336 Beltjen Road, Suite 201<br>   St. Thomas, VI 00802<br>   340-714-5510 |
| *Attorneys for Plaintiff* | 599 Lexington Avenue, 17th Floor<br>New York, New York 10022<br>212-492-2500<br><br>*Attorneys for Defendant* |

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

SO ORDERED:

Dated: New York, New York
       April  14 2020

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[1] Electronically signed on behalf of, and with authorization of, Stanley Chinitz, Esq.

# EXHIBIT A

## ACKNOWLEDGMENT

The undersigned, for and on behalf of himself/herself/itself and his/her/its employees, agents and representatives, hereby acknowledges receipt of information which has been designated as "Confidential" pursuant to the terms and restrictions of the Confidentiality Agreement and Order (the "Order") signed and entered in *Tyisha Chancey v. Capital One, N.A.*, No. 1:19-cv-06492 (U.S. District Court for the Southern District of New York) and that the undersigned has been given a copy of and has read and understands such Order. The undersigned agrees to subject himself/herself/itself to the personal jurisdiction of this Court for purposes of the enforcement of this Order and to abide and be bound by its terms and provisions. Among other things, the undersigned understands that he/she/it shall not disclose (as defined in the Order) any of such Confidential Information to any parties not covered by the Order, and that such Confidential Information, including copies of any Confidential Information, is to remain in his/her/its personal custody until the undersigned has completed his/her/its assigned duties, whereupon such Confidential Information is to be destroyed or returned to the person or entity that provided the undersigned with such material. The undersigned further agrees to notify any stenographic, administrative, or clerical personnel who are required to assist him/her/it of the terms of the Order. The undersigned agrees and attests to his/her/its understanding of this Acknowledgment and that in the event the undersigned or any of his/her/its agents or employees fails to abide by the terms of the Acknowledgement, the undersigned may be subject to legal action and/or other sanctions imposed by the Court for such failure.

IN WITNESS WHEREOF, the undersigned has executed this Acknowledgment this \_\_\_\_ day of _____, 202\_\_.

_____
Signature

_____
Print Name