# LAW OFFICE OF STANLEY CHINITZ
260 MADISON AVENUE, FLOOR 17
NEW YORK, NY 10016
OFFICE: 212.935.4611
FAX: 212.379.2083
E-MAIL: schinitz@chinitzlaw.com

August 18, 2020

**By ECF**

Hon. Lorna G. Schofield, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> Application DENIED for substantially the same reasons as stated in Defendant's letter at Dkt. No. 36. The Clerk of Court is respectfully directed to close Dkt. No. 34.
>
> Dated: August 21, 2020
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re: Tyisha Chancey v. Capital One, N.A., No. 19-cv-06492: Request for Pre-Motion Conference Re: Defendant's Refusal to Produce Rule 30(b)(6) Witness Re: Stated Topic

Dear Judge Schofield:

I represent Plaintiff Tyisha Chancey in the referenced litigation pending before Your Honor.

I write pursuant to Rule III A 1 and C 3 of this Court's Individual Rules and Procedures for Civil Cases and Local Rule 37.2 of the Local Rules for the U.S. District Courts for the Southern and Eastern Districts of New York to request a pre-motion conference.

At 11:01 p.m. of the evening of August 17, 2020, Defendant's attorney advised by e-mail that Capital One N.A. would not produce a corporate witness pursuant to Fed. R. Civ. P. 30 (b)(6) to testify about the frequency with which employees were terminated **or not terminated** based on end of day Bank Branch close out activities or difficulties generally (the "Topic 3 Witness").

The amended complaint alleges that Ms. Chancey's employment was pretextually terminated based on her race or national origin by her Branch Manager, who systematically replaced all non-Hispanic Branch employees with Hispanic employees. The incident for which Plaintiff was terminated related to end of day difficulties that she had in "closing out" one of the two accounts (the "Vault Account") for which she was responsible. Defendant takes the position that Ms. Chancey's employment was terminated for engaging in the practice of "force balancing," in which an employee inserts a made-up number to balance an account, in this case the Vault Account. Defendant produced a witness and documents that support its position. Plaintiff challenges the veracity of the witness and the accuracy of the documents relied upon. Ms. Chancey specifically denies that she engaged in force balancing.

LAW OFFICE OF STANLEY CHINITZ

Hon. Lorna G. Schofield, U.S.D.J.
August 18, 2020
Page 2

In Plaintiff's view, the transactional documentary evidence produced from a Bank program, the Electronic Journal, does not support the Bank's claim that she "force balanced." Disregarding Plaintiff's request to produce a Rule 30 (b) (6) witness to testify about Close-Out Difficulty Events – applicable to Plaintiff – Defendant offered to produce a witness to testify about the frequency with which employees were terminated in connection with determinations that they engaged in force balancing, an activity in which Plaintiff did not engage and for which employees may be terminated.[1]

**Plaintiff Requires a Topic 3 Witness to Testify about Close-Out Difficulty Events**

Plaintiff served a Rule 30 (b) (6) deposition notice on July 5, 2020 seeking a corporate designee to testify, among other things about Topic 3, the subject at issue in this letter-motion.[2] The discovery cut-off in this matter is August 24, 2020. It has taken Defendant some time to identify corporate witnesses to testify on behalf of the Bank. Plaintiff's counsel conferred with and e-mailed Defendant's counsel several times regarding the deposition including most recently on Monday, August 10, 2020 followed by an August 12, 2020 letter in which Plaintiff reiterated that testimony is sought regarding Topic 3, the end of day close out process including vaults/cash boxes 4, 36 and 37, and, separately, buy-sell activities which are pertinent to the close-out process. Plaintiff noted in the August 12th letter that "Topic 3 encompasses incidents relating to end-of-day close outs (alleged "Close-Out Difficulty Events"). Plaintiff seeks testimony regarding incidents in which Capital One terminated **or did not terminate employees** involved in Close-Out Difficulty Events, the activity for which Plaintiff was in fact terminated. Defendant's August 17[th] e-mail communicated the Bank's refusal to offer a witness to testify about its policy about whether to terminate employees who engaged in the activities that gave rise to Plaintiff's termination. This letter-motion followed.

At Plaintiff's request, Defendant agreed to produce a witness to testify about certain specific end-of-day close-out problems that Ms. Chancey encountered earlier in the year that her employment was terminated. The witness, Ronnie Sharp, is the Principle Process Manager - Cash

---

[1] Defendant references an August 21, 2020 incident involving "force balancing" in the August 17th e-mail. This incident has nothing to do with Plaintiff, who did not participate in it and did not engage in force balancing. The incident that gave rise to Ms. Chancey's pretextual termination was an end of day Close-Out Difficulty Event that occurred on December 21, 2016.

[2] A May 18, 2020 letter to Defendant's counsel stated that "[y]ou have agreed to discuss with your client whether there are any documents relating to Capital One employees terminated **and not terminated** for violating Capital One's protocols regarding cash drawer reconciliation." *Emphasis in original.* A June 24, 2020 e-mail to Defendant's counsel stated that Plaintiff seeks "[d]ocuments re other persons not terminated with close-out discrepancies." This issue has been front and center in this case from the beginning of the litigation. Plaintiff should not be cut off from discovery regarding the consequences of the mistake for which she was actually terminated.

LAW OFFICE OF STANLEY CHINITZ

Hon. Lorna G. Schofield, U.S.D.J.
August 18, 2020
Page 3

Operations, it is believed, of the New York Region. We believe that Mr. Sharp is knowledgeable about end-of-day Close-Out Difficulty Events, buy-sell transactions, in which Bank Teller's withdraw funds for use, also factually relevant here, and "force balancing," in which Defendant falsely accused Plaintiff of engaging. All these functions, in which Mr. Sharp is believed to have expertise are pertinent to Plaintiff's allegations and Defendant's defenses.

I asked Defendant's counsel if Capital One would produce Mr. Sharp as the Rule 30 (b)(6) witness to testify about Topic 3, and was told no. Defendant is free to produce any witness that it deems appropriate, however, it does **not** appear that producing such a witness "is not proportional to the case," as claimed by Defendant. A knowledgeable "Topic 3" witness is crucial to Plaintiff's claims – and Defendant's good faith defenses – and the production of such a witness is **not** burdensome nor disproportionate to the case, as alleged by Defendant.

Respectfully Submitted,

Stanley Chinitz

cc: Simone R.D. Francis, Esq.
Kelly M. Cardin, Esq.